IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

03 MAY 30 PM 4:25

U.S. DISTRICT COURT
N.D. OF ALABAMA

LaShan D. Hill

  Plaintiff,

v.          CIVIL ACTION NO._____

Rent-a-Center, Inc.          CV-03-BE-1302-E

  Defendant.

## VERIFIED COMPLAINT

### I. Jurisdiction

1. The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §§1331 and 1343(4) and 28 U.S.C. §§2201 and 2202. This is an employment discrimination suit authorized and instituted pursuant to Acts of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e et seq, and the "Civil Rights Act of 1866," 42 U.S.C. §1981 as amended. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the above statutes providing damages, injunctive and other relief for discrimination in employment due to race.

2. This action is brought within the state and judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. §1391(b).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action. Plaintiff filed his charge of discrimination with the EEOC within 180 days of the last act of a continuing pattern of discriminatory acts and has filed suit within 90 days of receipt of his Notice of Right to Sue.

### II. Parties

4. Plaintiff, LaShan D. Hill ("Hill"), is an African-American resident of Slidell, Louisiana and was employed by the Defendant, Rent-a-Center, Inc, in its Talledega, Alabama store from September, 2000 until January, 2002.

5. Defendant, Rent-a-Center, Inc. ("RAC"), is a Texas corporation with operations throughout the United States, including Talladega County, Alabama. At all times relevant hereto Defendant Rent-a-Center has maintained and operated a business in Alabama in an industry affecting interstate commerce. Defendant Rent-a-Center has more than 50

employees and is subject to the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e et seq, and the "Civil Rights Act of 1866," 42 U.S.C. §1981, as amended.

### III. Statement of Plaintiff's Claims

6. Plaintiff adopts and realleges each and every material allegation contained in paragraphs 1 - 5 as if fully set forth herein.

7. Plaintiff Hill was employed by the Defendant for approximately one year and four months as an Account Manager. When the Plaintiff left the Defendant's employ, he was still at an entry-level position, Account Manager, which is the same position that he had been hired in for.

8. Plaintiff witnessed numerous acts of discrimination against African-Americans on the basis of their race while an employee of the company. Blacks were written up for infractions that white employees were not written up for. The Plaintiff has seen black employees demoted without explanation and without receiving performance or other warnings in advance. The Plaintiff has seen black employees disciplined for being tardy when white employees were not disciplined for being much later or not showing up at all.

9. White employees were promoted over black employees when those black employees had more seniority, experience, and other qualifications. White employees were given training in order to advance that was not given to black employees. Plaintiff in particular was not promoted to assistant store manager due to white employees with less seniority and experience being promoted ahead of him.

10. The Plaintiff took the Defendant's "focus training" program, passed the testing, and was told he qualified for promotion to either of two assistant store manager positions. He was also always told his job performance was good. The first time the Plaintiff was bypassed for promotion to one of these positions it had been vacant for about a month and a half when a new white employee, who had not taken the focus training program to become qualified, was promoted over the Plaintiff.

11. The second time the Plaintiff was bypassed, the assistant store manager's job was again filled by a relatively new white employee and one that the Plaintiff had trained. The only explanation that the Plaintiff received for being bypassed was that the store manager's superior wanted them in the job.

12. The Plaintiff believes that he would have been promoted if it were not for his race.

13. The Plaintiff was also told by his boss, the store manager, that the boss's superior, the Marketing Manager, wanted to fire the Plaintiff. When the Plaintiff asked his boss why the Marketing Manager wanted to fire him, the Store Manager would not tell the Plaintiff why, but would only say that the boss's superior did not like the Plaintiff. The Plaintiff

only had limited contact with the boss's superior, who visited the store where the Plaintiff and his boss worked approximately once per month.

14. The Plaintiff had a family to support and feared he would be fired.

15. Dissatisfied with this abusive, hostile and intolerable situation, the Plaintiff resigned from the Defendant company on January 19, 2002.

16. Plaintiff alleges that the racial discrimination suffered by him is part of a centralized pattern and practice of the Defendant and that he was denied promotional opportunities that were extended to similarly situated or less qualified white employees and has been subject to job requirements and other terms and conditions which are materially different from those imposed on similarly situated or less qualified white employees.

17. Defendant's regional director, Roger Estep, made racial slurs and other derogatory comments about blacks that set the tone for the racially discriminatory atmosphere in the company.

18. The Defendant's Market Manager, Mr. Keelan Ogletree made racially derogatory comments about blacks as well.

19. The racial comments and racially discriminatory conduct of Roger Estep and Keelan Ogletree is in accordance with similar conduct from the company's highest executives. RAC's President and Chief Operating Officer, Dowell Arnette, while on a 1999 tour of RAC stores throughout the country, stated:

> "'Suppose you have a restaurant and you have a couple of blacks working in the kitchen. If they get paid on Thursday, what do they do with their money? . . . . I'll tell you what they do. They're going to go out and buy a bunch of liquor and drink it up, you know, that's what they do, so you've got to get them due on the same day they get paid so you get their money first.'"

Such derogatory racial comments from the President of the company sent a clear message to Defendant's regional managers and ultimately store managers that racial discrimination within the company was tolerated.

20. Defendant's executives and upper management sent additional messages of racial discrimination and retaliation in manager meetings and conventions.

21. As part of their common pattern and practice, Defendant has discriminated against qualified African American employees, including Plaintiff:

   a. By denying the opportunity for promotion and by refusing to promote qualified African American employees into management positions;

  b. By denying and/or delaying the opportunity to get certain training such as on budgeting operations which is required to be promoted to a management position; and,

  c. By denying and/or delaying the opportunity to be administered certain tests which are required to be promoted to a management position;

22. As part of its practice of denying African American employees, including Plaintiff, the opportunity for promotion, Defendant's promotion practices have been based on subjective rather than objective, job-related criteria, and which are not uniformly applied to African American and white employees.

23. Defendant maintains and/or maintained inadequate written policies, procedures, or guidelines with respect to promotion of its employees. The system employed by Defendant has involved subjective determinations which thereby render the system arbitrary, and such arbitrariness is and/or has been used as pretext for denying African American employees, including Plaintiff, promotions for which they are and/or were qualified and entitled.

24. Plaintiff avers that he has been discriminated against in violation of the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e et seq, and the "Civil Rights Act of 1866," 42 U.S.C. §1981, and was constructively terminated because of his race, African-American.

25. As a consequence of the aforesaid, Plaintiff has lost wages and suffered other damages, including mental anguish.

26. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, including damages for mental anguish, and punitive damages, injunctive relief and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court assume jurisdiction of this action and award Plaintiff the following relief:

 (a) Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from violating the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e et seq, and the "Civil Rights Act of 1866," 42 U.S.C. §1981, as amended.

(b) Grant Plaintiff an order requiring Defendant to make him whole by granting appropriate declaratory relief, reinstatement, back pay, front pay, compensatory damages, punitive damages, interest, attorneys' fees, expenses and costs.

(c) Plaintiff prays for such other, different and additional relief and benefits as justice may require.

_____
LaShan D. Hill

STATE OF __Louisiana__ )
__St Tammany__ COUNTY )

Before me, the undersigned, a Notary Public, in and for said County, and in said State, personally appeared LaShan D. Hill whose name is signed to the forgoing Verified Complaint, who is known to me, and who, after being duly sworn by me, deposes and states that the facts set out in the Verified Complaint, are true and correct to the best of his knowledge, and that he executed this Verified Complaint voluntarily on the day the same bears date.

Sworn to and subscribed before me on this the __21__ day of May, 2003.

Notary Public: _____
My Commission Expires: __Life__

NOTARY ATTESTS TO SIGNATURE ONLY AND NOT CONTENT OF THIS DOCUMENT.

Respectfully submitted,

_____
Thomas F. Talty (TAL014)

_____
Sterling L. DeRamus

OF COUNSEL:
2015 1st Avenue North
Birmingham, Alabama 35203
(205) 458-1111

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY ON ALL CLAIMS SO TRIABLE**

**PLEASE SERVE DEFENDANT RENT-A-CENTER, INC. BY CERTIFIED <u>MAIL</u> <u>RETURN RECEIPT REQUESTED:</u>**

Rent-a-Center, Inc
c/o THE CORPORATION COMPANY
2000 Interstate Park Drive Suite 204
Montgomery, Alabama 36109